1

2

3

4

5

6

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| STEVE LEWIS, a Washington resident, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | **NO.** |
| | ) | |
| vs. | ) | |
| | ) | **COMPLAINT FOR** |
| VBC MADISON LP, a Washington limited | ) | **DECLARATORY** |
| partnership, | ) | **AND INJUNCTIVE RELIEF** |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

COMES NOW, Plaintiff, Steve Lewis by and through his attorneys, Conrad A. Reynoldson

and Felicity Chamberlain of Washington Civil & Disability Advocate for his Complaint for

Declaratory and Injunctive Relief to state and allege as follows:

### I.      OVERVIEW

1.      The Americans with Disabilities Act ("ADA") and the Washington Law Against

Discrimination ("WLAD") require places of public accommodation to be accessible to people

with disabilities.

2.      A restaurant is a place of public accommodation within the meaning of Title III of

the ADA, 42 U.S.C. §12181(7), and its implementing regulation, 28 C.F.R. §36.104.

Complaint for Declaratory and Injunctive
Relief
**Page 1 of 10**

WASHINGTON CIVIL & DISABILITY
ADVOCATE
3513 NE 45th Street, Suite G
Seattle, WA 98105
(206) 428-3558

1    3.    Over 27 years after the passage of the Americans with Disabilities Act, Defendant

2    discriminates against individuals with disabilities because it leases a property to places of public

3    accommodation that does not comply with the ADA's accessibility laws and regulations that

4    were enacted into law to protect persons with mobility disabilities.

5    4.    Therefore, Plaintiff brings this action to end civil rights violations against persons

6    with mobility disabilities committed by Defendant VBC Madison LP, property owner of Vito's

7    Restaurant and Lounge, which is a place of public accommodation Defendant owns and leases to

8    a tenant.

9

10                            II.    PARTIES

11    5.    Plaintiff, Steve Lewis, is a Washington resident and he resides in this district.

12    6.    Mr. Lewis is paraplegic and unable to walk and is thus a a qualified person with a

13    disability within the meaning of the ADA and the WLAD.

14    7.    Mr. Lewis uses a manual wheelchair to patronize the Vito's Restaurant and

15    Lounge at Defendant's property.

16    8.    VBC Madison is a Washington Limited Partnership.

17    9.    The address of VBC Madison LP is 1911 65th Ave W, Tacoma, WA 98466-6225.

18

19                    III.    JURISDICTION AND VENUE

20    10.    This court has jurisdiction pursuant to 28 U.S.C. §1331, which gives district

21    courts original jurisdiction over civil actions arising in the Constitution, laws, or treaties of the

22    United States.

23

Complaint for Declaratory and Injunctive
Relief
**Page 2 of 10**

WASHINGTON CIVIL & DISABILITY
ADVOCATE
3513 NE 45th Street, Suite G
Seattle, WA 98105
(206) 428-3558

1    11.    This court has jurisdiction pursuant to 28 U.S.C. §1343(a)(4), which gives district

2  courts jurisdiction over actions to secure civil rights under Acts of Congress.

3    12.    This court has jurisdiction pursuant to 28 U.S.C. §1367, which gives district

4  courts supplemental jurisdiction over state law claims.

5    13.    Venue is appropriate in this judicial district under 28 U.S.C. §1391 because the

6  practices and procedures that gave rise to the Plaintiff's Complaint for Injunctive Relief and

7  Damages occur in this district and Defendant's property lies within this district.

8

9                    **IV.    FACTUAL ALLEGATIONS**

10    14.    The ADA was enacted in 1990, "[t]o establish a clear and comprehensive

11  prohibition of discrimination on the basis of disability."

12    15.    The ADA prohibits places of public accommodation from providing individuals

13  with disabilities with separate or unequal benefits and services.

14    16.    Defendant's property is one example of countless places of public

15  accommodation that have substantial and numerous compliance issues with the ADA.

16  (Approximately only 2% of places of public use are completely ADA compliant. Carrie Becker,

17  Private Enforcement of the Americans with Disabilities Act Via Serial Litigation: Abusive or

18  Commendable?, 17 HASTINGS WOMEN'S L.J. 93, 99 (2006).)

19    17.    Title III of the ADA states in relevant part: "No individual shall be discriminated

20  against on the basis of disability in the full and equal enjoyment of the goods, services, facilities,

21  privileges, advantages, or accommodations of any place of public accommodation by any person

22  who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. §

23  12182(a).

Complaint for Declaratory and Injunctive Relief
**Page 3 of 10**

WASHINGTON CIVIL & DISABILITY ADVOCATE
3513 NE 45th Street, Suite G
Seattle, WA 98105
(206) 428-3558

1        18.     Mr. Lewis is a qualified individual with a disability within the meaning of Title

2  III of the ADA and the Washington Law Against Discrimination.

3

4                               **Plaintiff**

5        19.     Mr. Lewis is a Kirkland, Washington resident.

6        20.     Mr. Lewis is paraplegic and unable to walk and is thus a qualified person with a

7  disability.

8        21.     Mr. Lewis travels throughout the Seattle area on a regular basis.

9        22.     Mr. Lewis last patronized the property within the last two years.

10       23.     Mr. Lewis plans to return to the property in question once the alleged accessibility

11  barriers are addressed.

12

13                        **Defendant's Property**

14       24.     Mr. Lewis patronized the Vito's Restaurant and Lounge on Defendant's property

15  located at 927 9th Ave, Seattle, WA 98104.

16       25.     Mr. Lewis used his manual wheelchair, albeit at personal risk due to existing

17  accessibility barriers.

18       26.     Mr. Lewis does not feel safe accessing the property as is due to the current

19  accessibility barriers.

20       27.     Defendant's property does not comply with the ADA's accessibility laws and

21  regulations under either the 1991 ADA Standards for Accessible Design (1991 Standards) 2010

22  ADA Standards for Accessible Design (2010 Standards).

23

Complaint for Declaratory and Injunctive     WASHINGTON CIVIL & DISABILITY
Relief                                 ADVOCATE
**Page 4 of 10**                   3513 NE 45th Street, Suite G
                                   Seattle, WA 98105
                                   (206) 428-3558

1    28.    Under § 4.22.4 of the 1991 Standards and § 213 of the 2010 Standards, places of

2    public accommodations are required to provide accessible toilet stalls where toilet facilities are

3    provided.

4    29.    The toilet stalls at the Defendant's property are not wheelchair accessible.

5    30.    Mr. Lewis requires a compliant accessible bathroom in order to safely patronize

6    the tenant of Defendant's property using his manual wheelchair.

7    31.    Mr. Lewis's attorney, Felicity Chamberlain of Washington Civil & Disability

8    Advocate, provided voluntary pre-litigation notice and an opportunity to settle this matter

9    without a lawsuit by a letter to VBC Madison LP, sent February 12, 2019.

10    32.    As of the filing of this complaint, VBC Madison LP failed to respond to Ms.

11    Chamberlain's letter.

12    33.    As of the filing of this complaint no alterations have been made to address these

13    alleged accessibility barriers.

14    34.    Defendant's property is not safe for people who use wheelchairs because it does

15    not comply with the ADA's accessibility laws and regulations.

16    35.    Defendant's property is not welcoming to people who use wheelchairs because it

17    does not comply with the ADA's accessibility laws and regulations.

18    36.    The failure of VBC Madison LP to make the property comply with the ADA's

19    accessibility laws and regulations works to exclude people with disabilities from equal access

20    and enjoyment.

21

22

23

Complaint for Declaratory and Injunctive Relief
Page 5 of 10

WASHINGTON CIVIL & DISABILITY ADVOCATE
3513 NE 45th Street, Suite G
Seattle, WA 98105
(206) 428-3558

1

## V.    FIRST CAUSE OF ACTION
Title III of the Americans with Disabilities Act
42 U.S.C. §§ 12101 *et seq.*

2

3          37.     Mr. Lewis incorporates by reference the allegations in the paragraphs above.

4          38.     Mr. Lewis is paraplegic and unable to walk and is thus a qualified individual with

5   a disability within the meaning of Title III of the ADA.

6          39.     Title III of the ADA states in relevant part: "No individual shall be discriminated

7   against on the basis of disability in the full and equal enjoyment of the goods, services, facilities,

8   privileges, advantages, or accommodations of any place of public accommodation by any person

9   who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. §

10  12182(a).

11         40.     Defendant, VBC Madison LP, owns or leases the property where the Vito's

12  Restaurant and Lounge tenant is located.

13         41.     Defendant's tenant is a place of public accommodation. 42 U.S.C. § 12181(7)(B).

14         42.     Defendant has discriminated against Plaintiff on the basis of his disability.

15         43.     Defendant's discriminatory conduct includes but is not limited to:

16              a.   Discriminatory exclusion and/or denial of goods, services, facilities,

17                   privileges, advantages, accommodations, and/or opportunities;

18              b.   Provision of goods, services, facilities, privileges, advantages, and/or

19                   accommodations that are not equal to those afforded non-disabled

20                   individuals;

21              c.   Failing to make reasonable modifications in policies, practices, and/or

22                   procedures as necessary to afford the goods, services, facilities,

23

Complaint for Declaratory and Injunctive
Relief
**Page 6 of 10**

WASHINGTON CIVIL & DISABILITY
ADVOCATE
3513 NE 45th Street, Suite G
Seattle, WA 98105
(206) 428-3558

1    privileges, advantages, and/or accommodations to individuals with

2    disabilities;

3    d.   Failing to make alterations in such a manner that, to the maximum extent

4    feasible, the altered portions are readily accessible to and usable by

5    individuals with disabilities, including individuals who use wheelchairs;

6    e.   Failing to remove barriers to individuals with disabilities where it would

7    be readily achievable to do so.

8    44.   As such, Defendant discriminates and, in the absence of the injunction requested

9    herein, will continue in the future to discriminate against Plaintiff on the basis of disability in the

10   full and equal enjoyment of the goods, services, facilities, privileges, advantages,

11   accommodations and/or opportunities at the restaurants in question in violation of Title III of the

12   Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* and/or its implementing regulations.

13   45.   Defendant's discriminatory conduct as alleged in this Complaint for Declaratory

14   and Injunctive Relief has harmed Mr. Lewis, and the harm continues.

15   46.   Defendant's discriminatory conduct as alleged in this Complaint for Declaratory

16   and Injunctive Relief entitles Mr. Lewis to declaratory and injunctive relief. 42 U.S.C. § 12188.

17   47.   Defendant's discriminatory conduct as alleged in this Complaint for Declaratory

18   and Injunctive Relief entitles Mr. Lewis to recover his reasonable attorneys' fees and costs

19   incurred in bringing this action. 42 U.S.C. § 12205.

20

21

22

23

Complaint for Declaratory and Injunctive Relief
**Page 7 of 10**

WASHINGTON CIVIL & DISABILITY ADVOCATE
3513 NE 45th Street, Suite G
Seattle, WA 98105
(206) 428-3558

## VI.   SECOND CAUSE OF ACTION
Washington Law Against Discrimination
R.C.W. §§ 49.60.010 *et seq.*

48.   Mr. Lewis incorporates by reference the allegations in the paragraphs above.

49.    Mr. Lewis is a qualified individual with a disability within the meaning of the Washington Law Against Discrimination.

50.   Section 49.60.030(1) of the Revised Code of Washington provides in pertinent part: "The right to be free from discrimination because of . . . the presence of any sensory, mental, or physical disability . . . is recognized as and declared to be a civil right.  This right shall include, but not be limited to: . . . (b) The right to the full enjoyment of any of the accommodations, advantages, facilities, or privileges of any place of public resort, accommodation, assemblage, or amusement . . . ."

51.   Defendant, VBC Madison LP, leases out the property at 927 9th Ave, Seattle, WA 98104.

52.   Defendant has violated and continues to violate §§ 49.60.010 *et seq.* of the Revised Code of Washington by violating multiple accessibility requirements under the ADA.

53.   Defendant's actions constitute discrimination against persons with disabilities and violate the Washington Law Against Discrimination, Revised Code of Washington §§ 49.60.010 *et seq.*, in that persons with mobility disabilities have been and are denied full and equal enjoyment of the accommodations, advantages, facilities, privileges, and services that Defendant provides to individuals who do not have disabilities.

54.   As a direct and proximate result of Defendant's discriminatory conduct as alleged in this Complaint for Declaratory and Injunctive Relief, Mr. Lewis has suffered and continues to suffer difficulty, hardship, isolation, and segregation due to Defendant's failure to remediate.

Complaint for Declaratory and Injunctive Relief
**Page 8 of 10**

WASHINGTON CIVIL & DISABILITY ADVOCATE
3513 NE 45th Street, Suite G
Seattle, WA 98105
(206) 428-3558

55.     Defendant's discriminatory conduct as alleged in this Complaint for Declaratory

and Injunctive Relief has denied Mr. Lewis the full and equal enjoyment of services that the

Washington Law Against Discrimination requires.

56.     Mr. Lewis has a clear legal right to access the tenants of Defendant's property

under the Washington Law Against Discrimination.

57.     Mr. Lewis has the right for Defendant's property to comply with the ADA's

accessibility laws and regulations under the Washington Law Against Discrimination.

58.     Defendant's property does not comply with the ADA's accessibility laws and

regulations.

59.     Because Defendant's property does not comply with the ADA's accessibility laws

and regulations, declaratory and injunctive relief are appropriate remedies under the Washington

Law Against Discrimination. *See e.g. Kucera v. Dep't of Transp.*, 140 Wash. 2d 200, 209 (2000).

60.     Pursuant to RCW § 49.60.030(2), Mr. Lewis is entitled to declaratory and

injunctive relief and to recover from Defendants his reasonable attorneys' fees and costs incurred

in bringing this action.

## VII.     PRAYER FOR RELIEF

WHEREFORE, Mr. Lewis respectfully requests that this Court:

1.     Assume jurisdiction over this action;

2.     Find and declare Defendant VBC Madison LP to be in violation of Title III of the

Americans with Disabilities Act, 42 U.S.C. §§ 12181, *et seq*. and the Washington Law Against

Discrimination, Wash. Rev. Code §§ 49.60.010 *et seq*. because Defendant's property does not

comply with the ADA's accessibility laws and regulations;

WASHINGTON CIVIL & DISABILITY
ADVOCATE
3513 NE 45th Street, Suite G
Seattle, WA 98105
(206) 428-3558

1    3.    Issue a permanent injunction ordering Defendant to immediately implement the

2  necessary improvements to bring the Defendant's property into compliance with the ADA's

3  accessibility laws and regulations;

4    4.    Award Mr. Lewis reasonable attorneys' fees and costs as authorized by 42 U.S.C.

5  § 12205 and Wash. Rev. Code§ 49.60.030(2);

6    5.    Award actual, compensatory, and/or statutory damages to Mr. Lewis for

7  violations of his civil rights as allowed under state and federal law;

8    6.    Award such additional or alternative relief as may be just, proper and equitable.

9

10

11  DATED THIS 28th day of February, 2019,

12  WASHINGTON CIVIL & DISABILITY ADVOCATE
    Attorneys for Plaintiff
13

14  /S/ FELICITY CHAMBERLAIN          /S/ CONRAD REYNOLDSON
    Felicity Chamberlain              Conrad Reynoldson
15  WSBA# 46155                       WSBA# 48187
    3513 NE 45th Street, Suite G      3513 NE 45th Street, Suite G
16  Seattle, WA 98105                 Seattle, WA 98105
    (206) 455-6430                    (206) 876-8515
17  felicity@wacda.com                conrad@wacda.com

18

19

20

21

22

23

Complaint for Declaratory and Injunctive      WASHINGTON CIVIL & DISABILITY
Relief                                                   ADVOCATE
**Page 10 of 10**                              3513 NE 45th Street, Suite G
                                                    Seattle, WA 98105
                                                     (206) 428-3558